{¶ 70} This case involves a straightforward dispute between two parties. Appellant entered into an agreement with Appellees' predecessors in interest for an easement to install and maintain a gas line across Appellees' land. The agreement gave Appellant "the right of ingress and egress" as well as a promise that Appellees would not "in any way impair the ability of [appellant] to operate, repair, replace or remove" any facility the appellant built on the land. Appellant installed a buried gas line across a portion of Appellees' property.
 {¶ 71} The document granting the easement warranted that "the land encompassed by this easement have not been used as a dump site and contain no substances or materials which if disturbed would cause or threaten to cause impairment to human health or the environment." Nevertheless, there was a landfill on the property at the time the parties entered into the contract. Over the course of time, the landfill grew and began covering the area where the gas line was buried. For various reasons, Appellant had to relocate the line to a different place so it could be maintained safely.
 {¶ 72} Appellant sued Appellees for trespass since the landfill now prevented inspection of the gas line. Appellees argued that they could not be held liable both because Appellant knew the property was being used at a landfill site when the easement was granted and because the gas line was intact and undamaged. The jury found for Appellees.
 {¶ 73} Appellant argues that the jury's verdict is against the manifest weight of the evidence and the majority is affirming that decision. I must respectfully dissent. First, the issue of whether the landfill was present when the contract was entered into is a red herring. A party may always waive a term of a contract. Foster WheelerEnviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.,78 Ohio St.3d 353, 360, 1997-Ohio-0202. Waiver of a contractual term can be implied if a party to a contract engages in actions or a course of conduct inconsistent with literal compliance. Daniel E. Terreri Sons,Inc. v. Mahoning Cty. Bd. of Commrs., 152 Ohio App.3d 95,2003-Ohio-1227, at ¶ 77.
 {¶ 74} In this case, Appellant knew there was a landfill on the property when it entered into the contract, even though the terms of the contract warranted that there was not a dump site on the property. By entering into this contract with that knowledge, Appellant waived any argument under this contractual provision. However, this waiver does not affect the rest of the contract, which gives Appellant the right "to operate, maintain, repair, replace or remove" anything it installs on the property.
 {¶ 75} Second, the facts clearly show that Appellees have violated Appellant's contractual right "to operate, maintain, repair, replace or remove" the pipeline. The landfill is now above the pipeline, which prevents Appellant from being able to inspected it. The only evidence presented by Appellees is that the pipe has not been damaged and that service to the customers has not been disrupted, but Appellees did not present any evidence disputing that they have denied Appellant the ability to inspect and maintain that pipeline.
 {¶ 76} Finally, the fact that the EPA ordered the pipeline moved does not mean that Appellees were not at fault. It was their maintenance of the landfill which eventually caused the EPA order. Thus, Appellees actions in maintaining the landfill also violated Appellant's right "to operate, maintain, repair, replace or remove" the gas line. {¶ 77}
Simply put, Appellees warranted not to interfere with Appellant's ability to operate the pipeline on the property. The undisputed evidence shows that Appellees actions over the course of time interfered with Appellant's rights. Accordingly, the jury's verdict is against the manifest weight of the evidence. The judgment of the trial court should be reversed and this case remanded for a new trial.